758 S.E.2d 922

**Desiree Gabriel BROWN, Respondent,**

v.

**Wendell BROWN, Appellant.**

**Appellate Case No. 2011–187106.**

**No. 5236.**

Court of Appeals of South Carolina.

Heard Oct. 7, 2013.
Decided June 4, 2014.

Thomas F. McDow, IV, and Erin K. Urquhart, both of the Law Office of Thomas F. McDow, of Rock Hill, for Appellant.

David Christopher Shea, of the Law Offices of Shea and Barron, of Columbia, for Respondent.

WILLIAMS, J.

In this appeal from the family court, Wendell Brown (Father) argues the family court erred in awarding attorney's fees to Desiree Brown (Mother) following the family court's decision to apply Worksheet C in calculating Father's child support obligation. We reverse.

**FACTS/PROCEDURAL HISTORY**

On March 6, 2009, Mother and Father were divorced by final decree (Final Decree). The Final Decree provided that

Mother and Father would share joint custody of their three children. Father was awarded primary custody of eighteen-year-old Malcolm, while Mother was awarded primary custody of the two minor children.

The Final Decree ordered Mother and Father to share expenses equally for the children until Malcolm's emancipation in May 2009. The Final Decree also provided that "[c]hild support may be addressed after June 1, 2009, in a new action, without prejudice[, or the] parties may submit a consent order in this action to address future support for the [minor children]." The parties never entered into a consent order, and as a result, Mother filed an action for child support modification and attorney's fees on July 14, 2009.

On November 5, 2009, the family court issued a pendente lite order addressing child support. In the pendente lite order, the family court applied Worksheet A to calculate Father's child support obligation and required Father to pay $1,121 per month in child support retroactive to the filing of the child support modification action. Because of the retroactive application, the family court found Father to be in arrears totaling $3,923.50 and ordered Father to pay an additional $224.20 per month in child support until his arrearage was paid. The family court also ordered Father to pay Mother $1,500 in attorney's fees.

On November 30, 2009, Father filed a motion to reconsider the pendente lite order. The family court held a hearing to address Father's motion. After the hearing, the family court issued an order denying Father's motion on April 19, 2010 (April 2010 Order). Because Father did not pay child support following the pendente lite order, the family court found Father's total arrearage had increased to $10,649.50. The family court ordered Father to pay his arrearage on the same terms set forth in the pendente lite order. Mother requested additional attorney's fees at the hearing, but Mother failed to provide the family court with an attorney's fees affidavit. The family court held Mother's attorney's fees in abeyance.

Father failed to pay child support as required by the pendente lite and the April 2010 orders and the $1,500 in attorney's fees also required by the pendente lite order. As a result, on May 27, 2010, Mother filed a rule to show cause

claiming Father had not paid child support or attorney's fees in compliance with the orders. As a part of its pretrial order, the family court consolidated Mother's rule to show cause with her child support modification action so that all of the issues could be heard at the final hearing.

On November 10, 2010, the family court held a final hearing to address: (1) Mother's child support modification action, (2) Mother's request for attorney's fees, and (3) Mother's rule to show cause.

The primary issue in dispute at the final hearing related to which child support worksheet should be used to calculate Father's child support obligation. The number of overnight visits that a child spends with a parent is a factor in determining which child support worksheet to apply. Both parties presented testimony concerning the number of overnight visits Father had with the minor children.

Mother submitted an affidavit for attorney's fees for the child support modification action and all of the related proceedings. The affidavit stated Mother's attorney's fees totaled $10,714.

Father testified that prior to the final hearing he became current with his child support payments and had paid Mother the $1,500 in attorney's fees required by the pendente lite order.

On December 22, 2010, the family court issued a final order addressing all three issues from the final hearing. In the final order, the family court stated that it applied the following factors to determine Father's child support obligation:

Father's gross monthly income of $8,674; Mother's gross monthly income of $6,927; Mother's payment of health insurance premiums of $176.00 per month; no alimony paid or received; no other child support paid; no other children in the household of either party; 161 overnights for Father; a Worksheet C calculation; and anticipation that Father will continue to pay some or similar levels of support on the children as set forth in [the exhibit detailing the minor children's expenses].

The family court determined Father's testimony concerning the number of overnight visits he received with the minor

children each year to be more credible than Mother's testimony regarding overnight visitation. The application of Worksheet C reduced Father's monthly child support obligation from $1,121 per month to $415 per month. - The family court held the reduced child support payment obligation was retroactive to the date the child support modification action was filed, and as a result, Father was entitled to a $2,624 credit for overpayment.

The family court also ordered Father to pay an additional $5,000 of Mother's attorney's fees in the final order. The family court ordered Father to deduct the $2,624 credit from the award of attorney's fees to Mother. As a result, Father was required to pay $2,375 toward Mother's attorney's fees. The family court determined an award of attorney's fees was appropriate because Father was in a better financial position to pay attorney's fees. While the family court acknowledged that Father was more successful in the action, the family court concluded "this was a relatively simple case which was drawn out of proportion by Father." Additionally, the family court considered that Father had already paid $1,500 of the $10,714 Mother accrued in attorney's fees as well as the fact that Mother's attorney's fees from the April 2010 Order had been held in abeyance. Finally, the family court found Father was not in willful contempt.

Father filed a motion to reconsider the award of attorney's fees, arguing the award was not appropriate or reasonable. The family court denied Father's motion to reconsider. This appeal followed.

## STANDARD OF REVIEW

"In appeals from the family court, [appellate courts] review[ ] factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations." *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011). (footnote omitted). The burden is upon the appellant to convince the appellate court that the preponderance of the evidence is against the family court's findings. *Id.* "Stated differently, de novo review neither relieves an appellant of demonstrating error nor requires

us to ignore the findings of the family court." *Id.* at 388–89, 709 S.E.2d at 654 (italics omitted).

**LAW/ANALYSIS**

 Father argues the family court erred in awarding Mother $5,000 in attorney's fees. We agree.

 In determining whether to award attorney's fees, the family court should consider the following: (1) the party's ability to pay his/her own attorney's fee; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the attorney's fees on each party's standard of living. *E.D.M. v. T.A.M.,* 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992). In addition to the *E.D.M.* factors, "[t]his court has previously held when parties fail to cooperate and their behavior prolongs proceedings, this is a basis for holding them responsible for attorney's fees." *Bodkin v. Bodkin,* 388 S.C. 203, 223, 694 S.E.2d 230, 241 (Ct.App.2010).

In the instant action, we find the application of the *E.D.M.* factors cannot support awarding Mother attorney's fees. Accordingly, we hold the family court erred in awarding Mother attorney's fees.

Upon review of the parties' financial records, we find that three of the four factors do not weigh heavily in favor of either party. We find Mother and Father are in a similar position with regard to their financial conditions, their ability to pay their attorney's fees, and the respective impact the fees will have upon each party's standard of living. Regarding the remaining factor, beneficial results, we agree with the family court's finding that Father was more successful than Mother in this litigation. The primary issue before the family court was the amount of Father's child support obligation, and with respect to this issue, Father attained a beneficial result by successfully petitioning for a reduction in his child support obligation. This reduction was caused by the family court's decision to apply Worksheet C instead of Worksheet A. The decision to change to Worksheet C was primarily based upon the family court agreeing with Father's testimony concerning the number of overnight visits and the family court's anticipation that Father would continue to spend a similar amount on voluntary expenses for the minor children.

The family court also ruled in Father's favor regarding Mother's rule to show cause. The family court found Father was not in willful contempt. Father was current with his child support payments and had paid Mother $1,500 in attorney's fees pursuant to the pendente lite order.

■ Mother argues the family court's award of attorney's fees was also based on Father's failure to cooperate in the litigation. Mother cites to the final order in which the family court stated that "this was a relatively simple case which was drawn out of proportion by Father." We are aware that a party's lack of cooperation is a sufficient basis to assess attorney's fees. *See Spreeuw v. Barker*, 385 S.C. 45, 73, 682 S.E.2d 843, 857 (Ct.App.2009) (holding a party's lack of cooperation serves as an additional basis for the award of attorney's fees).

■ However, in this instance, the record does not support the family court's conclusion that Father's lack of cooperation merited an imposition of attorney's fees.

There is evidence that Father was late in paying child support and attorney's fees pursuant to the pendente lite order and child support pursuant to the April 2010 Order. However, there is no evidence in the record that Father's failure to timely pay child support prolonged these proceedings. Father paid his arrearage and fees in full by the date of the final hearing. The family court declined to hold Father in contempt for his failure to timely pay child support, and Mother did not appeal the family court's ruling on her rule to show cause.

Mother also argues that Father's motion to reconsider the pendente lite order increased her costs. Father's motion to reconsider may have initially been unsuccessful in obtaining a reduction in his child support obligation, but Father ultimately prevailed on the issue raised in the motion. Accordingly, we fail to see how Father's motion to reconsider needlessly increased costs or prolonged the proceedings.

We find no other evidence in the record regarding Father's lack of cooperation that would lend support for an award of attorney's fees. Because the *E.D.M.* factors favor Father, we find the family court erred in assessing $5,000 in attorney's

fees against Father and accordingly reverse the family court's decision on this issue.

## CONCLUSION

Based on the foregoing, we find the family court erred in awarding Mother attorney's fees.[1] Accordingly, we reverse the family court's award of $5,000 in attorney's fees to Mother.

**REVERSED.**

THOMAS and CURETON, JJ., concur.

---

1. In addition, Father argues the $5,000 Mother was awarded in attorney's fees is an unreasonable amount. Because the family court erred in awarding attorney's fees to Mother, we find this issue is moot. *See Nemeth v. Nemeth*, 325 S.C. 480, 487 n. 3, 481 S.E.2d 181, 185 n. 3 (Ct.App.1997) (reversing the family court's award of alimony and declining to address whether the family court erred in the amount of alimony it awarded because it was a moot issue following the reversal of the award).